CHRISTINA TALICH, APPELLEE, V. ARCHIE D. MARVEL ET AL.: CITIZENS BANK OF GILTNER, APPELLANT.

FILED FEBRUARY 14, 1927.   No. 25050.

Judgment: ENFORCEMENT. Where a judgment is obtained in a county wherein the judgment debtor has sufficient real estate out of which the judgment could be satisfied if execution had been issued and levied, the judgment creditor has the right to file a transcript of the judgment in another county or counties and proceed to collect the same by process of execution or garnishment, without first having issued execution upon the original judgment.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer* and *C. M. Skiles,* for appellant.

*Fred C. Foster, Thomas, Vail & Stoner, O. K. Perrin* and *S. M. Kier, contra.*

Heard before DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

This is an appeal from a judgment of the district court for Douglas county, Nebraska, ordering the Omaha National Bank, garnishee, to pay into court $10,294.86 held by that bank to the credit of the Citizens Bank of Giltner, Nebraska, to be applied in payment of a judgment in favor of Christina Talich against the Citizens Bank et al.

The record shows that on August 17, 1923, the Giltner State Bank of Giltner, Nebraska, obtained a judgment in

the district court for Hamilton county against Christina Talich for $5,957.46 with interest from that date at 10 per cent. per annum. The record also shows that on February 6, 1925, Christina Talich obtained a judgment in the district court for Hamilton county, Nebraska, against Archie D. Marvel, John S. Marvel, George F. Washburn, and the Citizens Bank of Giltner, Nebraska, for $11,889.92. From this latter judgment each of the defendants appealed to this court. A supersedeas bond was filed only by John S. Marvel.

The Giltner State Bank issued an execution upon its judgment against Christina Talich, which was returned *nulla bona*. Thereafter garnishment proceedings were instituted by the Giltner State Bank, upon the judgment, and served upon the Citizens Bank of Giltner. Upon the answer of the garnishee in that action, the trial court ordered the garnishee to pay into court $5,439.75 to be applied upon the judgment in favor of the Giltner State Bank against Christina Talich. Christina Talich superseded the judgment, appealed to this court, and obtained a reversal of the judgment of the district court. For a more detailed statement of the facts and the decision of this court in that case reference is made to *Giltner State Bank v. Talich, ante,* p. 236.

Christina Talich did not issue execution upon her judgment against the Citizens Bank, but filed a transcript thereof on March 24, 1925, in the district court for Douglas county, and on the same day issued an execution upon the transcripted judgment, which was returned *nulla bona.* Thereupon garnishment proceedings were instituted and process served upon the Omaha National Bank. The garnishee answered that it had on deposit to the credit of the Citizens Bank of Giltner the sum of $10,294.86.

The Citizens Bank filed a petition of intervention alleging in substance that Christina Talich had obtained a judgment against the interveners for $11,889.92 which had been appealed to the supreme court; that it had been garnished

in the district court for Hamilton county, in a certain action wherein the Giltner State Bank had recovered judgment against Christina Talich, and had been ordered in that action to pay into court $5,439.75 to be applied on the judgment in favor of the Giltner State Bank against Christina Talich; that Christina Talich had superseded the order of the district and appealed to the supreme court. The Citizens Bank also alleged that no execution was issued upon the judgment obtained by Christina Talich against the Citizens Bank, although it had real estate in said county of the value of $30,000 upon which execution could have been levied and satisfied. Christina Talich transcripted the judgment from the district court for Hamilton county and filed the same in Douglas county and, after issuing execution and having the same returned *nulla bona,* instituted the garnishment proceedings herein.

Upon the trial of the issues presented to the district court for Douglas county, the court ordered the Omaha National Bank, garnishee, to pay into court $10,294.86, for the benefit of Christina Talich. The garnishee complied with this order. From this judgment the Citizens Bank has appealed.

The appellant urges two main questions as grounds for a reversal of the judgment. It is urged that our statutes do not authorize garnishment proceedings upon a transcripted judgment where the debt could be collected in the county where judgment was obtained by the issue and levy of execution. Our statute authorizes a transcript rendered in one county to be filed in another county, and when so filed it becomes a lien upon the real estate of the judgment debtor the same as though the judgment had been originally obtained in that county. The statute also authorizes the judgment creditor, after issuing execution upon the transcripted judgment, to institute garnishment proceedings to enforce the collection of the judgment. The law is founded upon the theory that the judgment creditor may have his judgment satisfied out of any property of the judgment

debtor he chooses.  We know of no law in the state which requires a judgment creditor to attempt to satisfy his judgment out of property of the judgment debtor in the county where the original judgment was rendered, before the right obtains to pursue other property.  Of course, there could be but one satisfaction of the debt.  Under the facts of this record, we think the plaintiff was clearly within her rights in transcripting the judgment to Douglas county and instituting garnishment proceedings to collect her judgment.

It is next urged that the plaintiff by this garnishment proceeding, and by a similar proceeding brought in another county, has impounded a much larger sum of the Citizens Bank's property than was necessary to satisfy the judgment, especially in view of the fact that the Citizens Bank as garnishee has paid into court $5,439.75 under the order of the court in the case of Giltner State Bank v. Talich.

The record shows that the Omaha National Bank, garnishee, has paid into court $10,294.86, and in another garnishment process in Adams county the Bank of Commerce has paid into court $991.63.  The aggregate of these amounts is $11,286.49 and is not sufficient to satisfy the plaintiff's judgment against the Citizens Bank of $11,889.-92.

We do not consider that the item of $5,439.75 paid into court by the Citizens Bank to be applied on the judgment in favor of the Giltner State Bank v. Christina Talich can properly be regarded as a payment in discharge of the debt from the Citizens Bank to Mrs. Talich.  She had superseded the order of the court directing the Citizens Bank to pay this amount into court, and on appeal it was held that the entire amount in the possession of the Citizens Bank was exempt from seizure to pay the judgment of the Giltner State Bank against her.  *Giltner State Bank v. Talich, ante,* p. 236.

Considering the entire record, we are satisfied that the order and judgment of the district court for Douglas county, directing the garnishee to pay into court, for the

benefit of Christina Talich, $10,294.86, was correct, and the judgment is

AFFIRMED.